NOT FOR PUBLICATION

FILED

MAY 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS DEWEY EASTON,<br><br>　　　　Plaintiff-Appellant,<br><br>　v.<br><br>UNITED STATES OF AMERICA; et al.,<br><br>　　　　Defendants-Appellees. | No. 20-35351<br><br>D.C. No. 6:19-cv-01978-MK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Mustafa T. Kasubhai, Magistrate Judge, Presiding[**]

Submitted May 18, 2021[***]

Before:　　CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Thomas Dewey Easton appeals pro se from the district court's judgment dismissing his action alleging federal and state law claims arising from the suspension of his driver's license. We have jurisdiction under 28 U.S.C. § 1291.

---

　　[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

　　[***]　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We affirm.

The district court dismissed Easton's action on the basis of res judicata. The only challenge to the district court's application of res judicata that Easton raises in his opening brief is that this court has not yet resolved his previous appeal, No. 19-35699, but on August 12, 2020, this court decided that appeal by affirming the district court's judgment. Because Easton raises no other challenge to the district court's application of res judicata, Easton has waived any such challenge. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are waived).

The district court properly substituted the United States as a party for defendant Howell. In order to challenge the Attorney General's decision regarding the scope of the employment certification, Easton was required to "allege sufficient facts that, taken as true, would establish that [Howell's] actions exceeded the scope of [her] employment," but Easton failed to do so. *Saleh v. Bush*, 848 F.3d 880, 886, 889 (9th Cir. 2017) (citation and internal quotation marks omitted) (standard of review).

The district court properly denied Easton's motion to remand. The Attorney General certified that Howell was an employee of the Department of Veterans Affairs and was acting within the scope of her employment during the incidents

described in Easton's complaint, and "certification is conclusive for purposes of removal, i.e., once certification and removal are effected, exclusive competence to adjudicate the case resides in the federal court, and that court may not remand the suit to the state court." *Osborn v. Haley*, 549 U.S. 225, 231 (2007); *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 974 n.2 (9th Cir. 2004) (standard of review).

The district court did not abuse its discretion by dismissing Easton's complaint without leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans*, 656 F.3d 1034, 1040-41 (9th Cir. 2011) (setting forth standard of review and explaining that a district court may deny leave to amend if amendment would be futile).

We reject as without merit Easton's contentions that the district court was required to conduct hearings and grant discovery, and that the district court failed to rule on his request for judicial notice.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett*, 587 F.3d at 985 n.2.

**AFFIRMED.**